

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

September 8, 2017

Mr. Tony Sims
Chambers County Auditor
404 Washington Avenue
Post Office Box 910
Anahuac, Texas 77514

Opinion No. KP-0162

Re: Whether a commissioners court may fund the county fire marshal and safety coordinator position through revenue generated by a sales and use tax imposed pursuant to chapter 324 of the Tax Code (RQ-0152-KP)

Dear Mr. Sims:

You tell us that the Chambers County commissioners court wants to hire a full-time fire marshal and safety coordinator "and fund 50% of the annual salary and benefits" for the position from sales and use tax revenue generated under chapter 324 of the Tax Code.[1] You ask whether the commissioners court may fund the position in this manner.[2] Request Letter at 1. Chapter 324 of the Tax Code authorizes certain counties to impose a sales and use tax for health services.[3] TEX. TAX CODE § 324.021. Section 324.081 limits the county's use of revenue generated from the tax:

> Revenue from the tax imposed under this chapter may be used only to provide health services in the county. The county imposing the tax may allocate all or part of that revenue to:
>
> (1) a county hospital authority or a hospital district having the same boundaries as the county; or
>
> (2) a public health district in which the county participates.

*Id.* § 324.081.

---

[1]Letter and Attachment from Mr. Tony Sims, Chambers Cty. Auditor, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Feb. 28, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter" and "Attachment," respectively).

[2]We understand you to refer to a "fire marshal and safety coordinator" as a single position with a title denoting dual roles and not as two separate positions.

[3]Chapter 324 applies to a county with a population of 50,000 or less. TEX. TAX CODE § 324.021(a). The population of Chambers County is 35,096. *See* U.S. CENSUS BUREAU, U.S. DEP'T OF COMMERCE, 2010 CENSUS OF POPULATION: TEXAS QUICKFACTS, http://www.quickfacts.census.gov.

The Legislature did not define "health services" for purposes of chapter 324. When a statute contains an undefined term, courts apply the common, ordinary meaning of the term unless a contrary meaning is apparent from the language of the provision. *Tex. State Bd. of Exam'rs of Marriage & Family Therapists v. Tex. Med. Ass'n*, 511 S.W.3d. 28, 34 (Tex. 2017). To determine a term's common, ordinary meaning, courts "typically look first to the dictionary definitions and then consider the term's usage in other statutes, court decisions, and similar authorities." *Id.* at 35. "Health" is "the condition of being sound in body, mind or spirit," especially "freedom from physical disease or pain." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 574 (11th ed. 2004). Section 324.081 itself identifies three potential recipients of all or part of the tax revenue: certain county hospital authorities, hospital districts, and public health districts. TEX. TAX CODE § 324.081. That the Legislature specified these entities as authorized recipients of the tax revenue suggests that it intended "health services" to relate to the functions these entities perform. Thus, we consider the meaning of "health services" in light of the authority the Legislature gave these entities.

A county hospital authority may "construct, purchase, enlarge, furnish, or equip," and "operate and maintain" a hospital in the county. TEX. HEALTH & SAFETY CODE § 264.022(a)–(b). A county hospital district must "provide adequate hospital services" and may generally "promote health in the district." *Id.* §§ 282.049–.050. A public health district must provide at a minimum all the public health services listed in subsection 121.006(d) of the Health & Safety Code. *See id.* § 121.043(b); *see also id.* § 121.006(d) (defining such public health services as personal health promotion and maintenance, infectious disease control and prevention, environmental and consumer health programs, public health education and information, laboratory services, and administrative services). "When words of a general nature are used in connection with the designation of particular objects or classes of persons or things, the meaning of the general words will be restricted to the particular designation." *R.R. Comm'n of Tex. v. Tex. for a Safe Future & Clean Water*, 336 S.W.3d. 619, 629 (Tex. 2011) (quotation marks omitted). Here, the Legislature identified a class of "health services" in section 324.081 that relate to the treatment and prevention of physical pain and disease to members of the public. TEX. TAX CODE § 324.081. Taking into account this treatment of the term "health services," we examine the responsibilities of the Chambers County fire marshal and safety coordinator.

According to materials submitted with your request, the Chambers County fire marshal and safety coordinator "conducts fire prevention and inspection activities" for the unincorporated areas of the county, coordinates safety program activities, including "monthly safety training programs, accident investigations, safety audits, and job site inspection," and assists emergency management as needed. Attachment at 1. The majority of these duties correspond with the statutory duties of the office of county fire marshal. *See* TEX. LOC. GOV'T CODE §§ 352.013(a) (requiring the county fire marshal to "(1) investigate the cause, origin, and circumstances of fires . . . and (2) determine whether a fire was the result of negligent or intentional conduct"), .016(b) (authorizing a county fire marshal to inspect structures for life safety hazards in "the interest of safety and fire prevention"); *see also id.* § 352.011(a) (authorizing a county commissioners court to "establish the office of county fire marshal and provide office facilities, equipment, transportation, assistants, and professional services for that office").

The fire marshal and safety coordinator position provides services related mainly to fire inspection, fire prevention, and safety. In contrast, section 324.081 limits the use of tax revenue to the provision of health services in the county. *See* TEX. TAX CODE § 324.081. While the duties of the fire marshal and safety coordinator may contribute to the overall safety of the community, which could result in fewer instances of injury for which a person might seek treatment, the general statutory scheme of section 324.081 relates to services for the direct treatment and prevention of physical pain and disease provided to members of the public. *See id.* Accordingly, a court would likely conclude that the duties of the Chambers County fire marshal and safety coordinator are not within the class of services contemplated by section 324.081, and the county thus may not use tax revenues from the imposition of a county health services sales and use tax to fund the salary for the position.

## S U M M A R Y

A court would likely conclude that a commissioners court may not fund the salary of a county fire marshal and safety coordinator position through revenue generated by a sales and use tax imposed pursuant to chapter 324 of the Tax Code.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee